

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: April 17, 2020

G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Jason Jon Garrett,            Case No. 19-28023-GMH
Melissa Marie Garrett,            Chapter 7

    Debtors.

Paul G. Swanson, chapter 7 trustee,

    Plaintiff,

v.            Adv. Proc. No. 19-2212-GMH

Jason Jon Garrett and Melissa Marie Garrett,

    Defendants.

**DECISION AND ORDER**

The plaintiff chapter 7 trustee asks the court to disqualify the debtor-defendants' counsel and to allow an amendment to the complaint to add additional parties. Disqualification is denied; leave to amend is granted.

I

The trustee commenced this adversary proceeding against the debtor-defendants on December 27, 2019. The trustee's complaint pleads several claims for denial of discharge for concealing property (11 U.S.C. §727(a)(2)), failing to keep or preserve books or records from which the debtor-defendants' financial condition might be ascertained (§727(a)(3)), making false oaths in connection with the bankruptcy case (§727(a)(4)(A) & (D)), and failing to explain loss of assets or insolvency (§727(a)(5)). The complaint also alleges that the debtor-defendants control BLL Ventures, LLC, and Tigers Sports Bar and Grill through "a strawman", Jason Garrett's stepfather Luke Amend, and have used that control to conceal assets and harm their creditors, thus entitling the trustee to disregard these entities' separate legal existence and treat their assets as assets of the bankruptcy estate.

After answering the complaint and generally denying all material allegations, the debtor-defendants subsequently elected to waive their chapter 7 discharge. Based on the waiver, the court ordered that it would not grant the debtors a discharge. Case No. 19-28023, ECF No. 122. That order made unnecessary further litigation of the trustee's §727 claims.

Before the court approved the discharge waiver, the trustee requested that the court disqualify debtor-defendants' counsel, asserting that counsel is a material witness who participated in alleged wrongful conveyances and an "elaborate scheme to hide the true natures of the Debtors' involvement in BLL [Ventures LLC] and Tigers Sports Bar and Grill, LLC." ECF No. 11, at 6. The debtor-defendants say this is an overzealous contrivance to deprive them of their chosen counsel. See ECF Nos. 12, 13 & 14.

The trustee followed his disqualification motion with a motion to amend his complaint. ECF No. 25. The proposed amended complaint abandons the §727 claims mooted by the debtor-defendants' discharge waiver, joins BLL Ventures, LLC, and Luke Amend as defendants, and seeks the following: (1) a declaration that the assets of BLL Ventures, LLC, and Tigers Sports Bar and Grill are property of the estate; (2) avoidance of a fraudulent transfer; (3) turnover of property of the estate; and (4) recovery of settlement-agreement funds and other property alleged to be property of the estate. ECF No. 25-1. The trustee's motion to amend represents that the amendment will not cause undue delay because discovery, including "all previously scheduled depositions[, has] been stayed pending Plaintiff's Motion to Disqualify Peter Culp as counsel for Debtors, Luke Amend, and BLL Ventures, LLC". ECF No. 25, at 4. The debtor-defendants oppose the trustee's motion to amend.

II

The trustee moves to disqualify counsel for the debtor-defendants arguing that counsel is a necessary witness. The debtor-defendants object, asserting that the trustee hasn't shown that counsel is a necessary witness and disqualifying counsel will impose a substantial burden on them.

A

Federal courts generally look to state law when adjudicating requests to disqualify counsel. *Crafton v. Law Firm of Jonathan B. Levine*, No. 12-CV-602, 2013 WL 3456982, at *1 (E.D. Wis. July 9, 2013). Wisconsin Supreme Court Rule (SCR) 20:3.7, subject to inapplicable exceptions, prohibits an attorney from representing a client at a trial in which the attorney "is likely to be a necessary witness" unless disqualification "would work a substantial hardship on the client." This rule does not require disqualification of counsel at the pretrial stage, even when counsel is likely to be a necessary witness. See *Olson v. Bemis Co., Inc.*, No. 12-C-1126, 2013 WL 1790133, at *3–4 (E.D. Wis. Apr. 26, 2013). Even at trial, "disqualification . . . is a drastic measure which

courts should hesitate to impose except when absolutely necessary." See *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982). Motions to disqualify an adversary's counsel "should be viewed with extreme caution for they can be misused as techniques of harassment." *Id.* at 722.

The "party seeking disqualification of opposing counsel bears the burden of proving the relevancy and need for the attorney's testimony." *Holloway v. Candy II, Inc.*, No. 05 CV 1070, 2007 WL 9735762, at *2 (E.D. Wis. Jan. 26, 2007). And courts typically will not disqualify counsel until the party seeking disqualification establishes that counsel will be required to testify. See *Mercury Vapor Processing Techs., Inc. v. Village of Riverdale*, 545 F. Supp. 2d 783, 788–89 (N.D. Ill. 2008) (applying a local rule similar to the disqualification rule applicable here); see also *Bhd. Ry. Carmen v. Delpro Co.*, 549 F. Supp. 780, 788–90 (D. Del. 1982) (same).

B

The trustee argues that the debtor-defendants' counsel "is the only person who can testify about how he advised Debtors[] to complete their bankruptcy schedules and his role in the creation of BLL and MMG [Business Holdings, LLC]", a potentially related entity. ECF No. 11, at 8–9. The debtor-defendants' waiver of their discharge has presumably eliminated their counsel's need to testify at trial about preparation of their schedules. This leaves the trustee's contention that counsel will have to testify about "whether BLL and MMG are property of the bankruptcy estate." *Id.*

The trustee alleges in his proposed amended complaint that the debtor-defendants "are the true owners of BLL" and that they created BLL "to conceal assets and defraud creditors". ECF No. 25-1, at 11–12. The amended complaint mentions MMG once, alleging that, in September 2018, the debtor-defendants' counsel "changed the registered agent to MMG". *Id.* at 8. The disqualification motion adds that the debtor-defendants' counsel was the registered agent for MMG. ECF No. 11, at 8.

While counsel may have relevant testimony relating to BLL and MMG, it is far from clear at this juncture why his testimony is necessary to adjudicate the trustee's claims. Other evidence may establish or refute the debtor-defendants' alleged control of the LLCs, and whatever counsel knows and is able to testify about may be largely or entirely duplicative of other evidence, to the extent it is relevant at all. Similarly, counsel's testimony about his alleged involvement in directing settlement funds to Amend for the debtor-defendants' benefit may be unnecessary. The trustee argues that the debtor-defendants' counsel will be required to testify about what motivated the debtor-defendants to enter into a prepetition settlement agreement under which Amend received $82,000 and BLL received titles to vehicles. See ECF No. 11, at 6. Even presuming that the purpose behind the settlement agreement's structure is relevant, that purpose may be shown by the testimony of the debtor-defendants or persons other than their counsel. Jason Garrett filed a declaration stating that he, Scott Soper, and Daniel Muza are all able to testify about the settlement's structure and purposes. ECF No. 14, at ¶6. The debtor-defendants filed a declaration of Amend that makes the same point, stating that Soper, Garrett, and bank representatives can testify about the settlement payments. ECF No. 13, at ¶6. Additionally, counsel may not be able to testify on these topics if his knowledge of why the debtor-defendants and Amend structured the agreement or acted in particular ways is privileged.

The trustee also argues in passing that the debtor-defendants' counsel has a disabling conflict of interest: "An Adversary Proceeding to determine the interests that the Debtors have in [Tigers Sports Bar and Grill LLC] and recover this asset for the estate will necessarily mean that the Debtors and Amend cannot be represented by the same counsel . . . ." ECF No. 11, at 12. This argument is waived because it is both "[p]erfunctory and undeveloped" and "unsupported by legal authority". *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman–Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017). The argument is also refuted by the available evidence. Jason Garrett filed a

declaration stating that he and his wife "are not concerned about a conflict of interest, and would likely waive any potential conflict of interest, should [their counsel] be called to testify at the time of trial." ECF No. 14, at ¶22. Amend similarly attests that he "would likely waive any potential conflict of interest" that should arise if the debtor-defendants' counsel is required to testify. ECF No. 13, at ¶16.

Finally, while the trustee raises legitimate concerns about counsel's joint representation of the debtor-defendants, he has not shown that those concerns outweigh the prejudicial effect on the defendants if they cannot be represented by counsel of their choice. See *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993); *Freeman*, 689 F.2d at 721. Jason Garrett declares that disqualifying the debtor-defendants' counsel "would impose a substantial hardship" on them because their counsel has long represented them; is familiar with their businesses; and "is a good, honest, prepared, ethical, and available attorney." ECF No. 14, at ¶¶17 & 18. Garrett adds that counsel "has been immersed in this case for at least seven (7) months, having knowledge of all relevant documents, and being involved in witness preparation"; "has spent a great deal of time in meetings and in communications with [his] wife and [him]"; is "familiar with the strategies and reputation of [trustee] Paul Swanson; [and] . . . will be effective against that type of style." *Id.* at ¶19. And Garrett reports that the debtor-defendants "do not have the financial ability to retain another attorney". *Id.* at ¶23.

Amend too avers that disqualification would be burdensome. According to Amend, he retained the same counsel as the debtor-defendants because their counsel "already had a base of knowledge about the information and documents [in] this case and the issues being raised", so Amend "did not have to pay an attorney just to learn the file before he or she would be in a position to effectively advocate on behalf of [him] and [his] business." ECF No. 13, at ¶11. Amend repeats Garrett's statement that he believes counsel will be effective against the trustee and further states that not having

counsel "at [his] side, advocating lock step with Jason and Melissa Garrett, according to the facts, would be a substantial hardship for us." *Id.* at ¶15.

Taking all of this into consideration, the trustee has not demonstrated that disqualification of the debtor-defendants' counsel is now appropriate. The debtor-defendants are on notice, however, that the court is unlikely to delay adjudication of these proceedings, including trial, based on a belated request by counsel to withdraw from representing all or some of them. See *Olson*, 2013 WL 1790133, at *4 (similarly warning counsel and his client that "no delays will be permitted because of a late decision by [counsel] to withdraw").

III

The trustee's motion to amend the complaint is governed by Rule 15 of the Federal Rules of Civil Procedure, made applicable here by Federal Rule of Bankruptcy Procedure 7015. As applied here, Rule 15(a) requires leave of court to amend the complaint. But the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see Fed. R. Bankr. P. 7015. As the debtor-defendants emphasize, however, this standard is not limitless, and the court may deny leave to amend where there is a "justifying reason" to do so. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The debtor-defendants do not contest that the trustee should be allowed to amend his complaint to drop his §727 claims, which the debtor-defendants' waiver of discharge made moot. The debtor-defendants' opposition to the amendment focuses on the trustee's addition of Amend and BLL as defendants and the addition of three counts: (1) avoidance of a fraudulent transfer, (2) turnover of estate property, and (3) recovery of the alleged fraudulent transfer from Amend. The debtor-defendants contend that there are several reasons to deny the addition of these claims: (1) the amendment is simply an artifice to bolster the trustee's disqualification motion, (2) the amendment fails to name necessary parties, (3) the claims added by the amendment are

meritless and thus the amendment is futile, and (4) the trustee's delay in seeking to amend unduly prejudices the defendants. None of these reasons is persuasive.

First, the debtor-defendants' argument that adding BLL and Amend gives the court jurisdiction over an attorney-client relationship that it otherwise lacks, thus vesting it with the authority to disqualify counsel, is wrong and irrelevant. Federal courts have the inherent authority to disqualify counsel who appear before them. See *Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 531 (1824) ("The power is one . . . incidental to all Courts . . . ."). And, as explained above, the trustee's motion to disqualify is at least premature, regardless of whether the court allows the trustee to amend the complaint. Even if some portion of the trustee's amendment was in part an effort to bolster the disqualification motion, that motivation is irrelevant to deciding whether to allow the amendment; the amendment rises or falls on other considerations.

Aside from this, given the debtor-defendants' relationship with BLL and Amend, including their use of the same counsel, those parties almost certainly were aware of the trustee's allegations in the original complaint that BLL and Amend aided the debtor-defendants in concealing assets that might be recovered by the estate to pay creditors. Accordingly, that the trustee should now seek to join BLL and Amend as defendants to this adversary proceeding by asserting claims for fraudulent conveyance and return of estate assets should hardly come as a surprise and does not justify denying leave to amend. Cf. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 339–40 (7th Cir. 1974).

Second, the debtor-defendants argue that the trustee dallied too long to be allowed to add BLL and Amend. Only delay that prejudices debtor-defendants' ability to defend the case or that disrupts the proceeding unduly justifies denying leave to amend. *Id.* (holding that the district court should have allowed the plaintiffs to amend the complaint one month before trial to join as defendants "officers, directors, and shareholders of the closely held defendant corporations"). The trustee seeks leave to join parties represented by the same counsel as the existing defendants well before the

close of discovery. The court has not scheduled a trial. Most important, the debtor-defendants make no suggestion that the amended pleading will prejudice their ability to defend themselves or that it will adversely affect the continuation of this proceeding.

Third, the debtor-defendants argue that the amendment should be denied because it fails to name necessary and indispensable parties—U.S. Bank and National Exchange Bank & Trust—as required by Federal Rule of Civil Procedure 19, made applicable here by Federal Rule of Bankruptcy Procedure 7019. To determine whether a party must be joined under Rule 19, a court initially considers three factors:

> (1) whether complete relief can be accorded among the parties to the lawsuit without joinder, (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will be impaired, and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit.

*Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999).

Applying these factors, the banks are not required parties to this adversary proceeding. If the trustee prevails on his claim that assets nominally owned by BLL and Tigers Sports Bar and Grill are property of the debtor-defendants' bankruptcy estate, then the banks can assert their claims against that property like any other creditor. Complete relief—declaring assets to be property of the estate and ordering turnover, if necessary—can be afforded in the banks' absence, since those parties presumably (and as far as the record shows) have only a legal right to collect debts from that property, which can be adjudicated in the bankruptcy case. See, e.g., 11 U.S.C. §363(f). There is no risk of the debtor-defendants being exposed to "double, multiple, or otherwise inconsistent obligations", notwithstanding the debtor-defendants' unsupported and unexplained assertion to the contrary. ECF No. 27, at 7.

Fourth, the debtor-defendants contend that the amendment is futile because it alleges that certain funds are property of the estate, which is inconsistent with Ergo Bank's allegation in its separate adversary proceeding against the debtor-defendants

that those funds belong to J. Garrett Enterprises, LLC, and with "evidence" that is promised to be revealed "[i]f Plaintiff takes the depositions of necessary non-attorney witnesses". ECF No. 27, at 9. Labeling the allegations "hollow and unsupported", the debtor-defendants further argue that having to defend against them is "inconsistent with the core principle of the justice system—fairness." *Id.*

The best way to sort out fairly whether the trustee or Ergo Bank is correct is to allow the trustee to proceed with discovery on these claims in this adversary proceeding, exactly as the debtor-defendants seem to contemplate. The debtor-defendants have not demonstrated that any of the claims are so lacking in merit as to be found futile at this stage of the proceedings.

IV

For these reasons, IT IS ORDERED that the plaintiff's motion to disqualify Peter Culp from representing Luke Amend, BLL Ventures, LLC, Jason Garrett and Melissa Garrett is DENIED without prejudice.

IT IS FURTHER ORDERED that the plaintiff's motion to amend the complaint is GRANTED. Plaintiff is ordered to file the amended complaint as a separate document in the CM/ECF record on or before April 21, 2020.

The clerk is directed to issue a summons for the plaintiff to serve on the newly added defendants.

The court will hold a pretrial on June 1, 2020, as previously scheduled.

# # # # #